**JONES et al. v. MASK et al.**

No. 11801.

Court of Civil Appeals of Texas. Galveston.

Aug. 1, 1946.

B. F. Bradley, of Crockett, for appellants.

Leroy L. Moore and Robert A. Von-Doenhoff, both of Crockett, for appellees.

CODY, Justice.

This was a suit, on the one hand, for the partition of a 94-acre tract of land in Houston County, described in plaintiffs' petition by metes and bounds, and a suit, on the other hand, for the cancellation of a deed to the defendant Janie Mask, conveying to her the interest in the land belonging to Janie Jones, who was the mother, or at least an ancestor, of all the parties who claimed any interest in the land.

The plaintiffs were the heirs of Bob Jones and his wife, Janie Jones, other than the defendant Janie Mask, who was also a daughter and heir of Bob and Janie Jones, both of whom died intestate. The plaintiffs alleged that the deed in question, which they sought to have cancelled, was void; and, upon the assumption such deed was void, the plaintiffs alleged the interest which each plaintiff claimed in the land, and likewise alleged the interest in said land which defendant Janie Mask owned in the land upon the assumption that said deed was void. The prayer of their petition was for cancellation of the deed, and for partition against defendants, that commissioners be appointed, etc., and for possession of that portion awarded to them.

Defendants, consisting of Janie Mask and her husband, in their answer pled various pleas not now material on appeal. They also answered, among other things, that Janie Mask was a daughter of Bob and Janie Jones, and that the land in question was the community property of the said Bob and Janie Jones at the time their marriage was dissolved by the death of Bob Jones. They alleged further that Janie Jones had conveyed all her half interest therein to Janie Mask. They also made allegations capable of being construed as asserting that the plaintiffs owned the half interest in the property other than the half interest which was conveyed to Janie Mask by the deed sought to be cancelled by plaintiffs. And the prayer of defendants' answer was that judgment be awarded defendants for their half interest in the land under the deed, and for a legal partition, and that Janie Mask be placed in possession of her half interest as determined by the judgment of the court, and for general and equitable relief.

The case was tried to the court without a jury. The court found in the judgment rendered, that the plaintiffs and defendant Janie Mask together were the sole owners of the land, and further, that seven of the plaintiffs, naming them, were each the owner of an undivided 1/20 of the land; that six of the plaintiffs, naming them, were together the owner of an undivided 1/20 of the land; that another group of plaintiffs, naming them, were together the owner of an undivided 1/20 of the land. So that, as found by the court in the judgment rendered, the plaintiffs together owned 9/20 of the land. And the court further found, in the judgment rendered that defendant Janie Mask was entitled to an undivided 11/20 of the land. The judgment decreed a partition and appointed commissioners, and directed them to make a fair, equal, just and impartial partition "share and share" alike between plaintiffs and defendant Janie Mask, etc. No conclusions of law and fact, apart from these expressed and implied in the judgment, were filed; and none were requested.

The plaintiffs have prosecuted this appeal from the judgment, and predicate their appeal upon seven points, which points are indicated below.

Appellants' first point is: "The judgment shows fundamental error on the face of it, because it does not meet the legal requirements of Texas Rules of Civil Procedure, Rule 760."

▪ Rule 760 provides: "Upon the hearing of the cause, the court shall determine the share and interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law and equity affecting the title to such land which may arise."

We overrule the point. It was sufficient for the court, for instance, to find that the group of the plaintiffs, named Alice Jones, Walter Thomas, Smithie Thomas, Nathan Thomas, and Cassie Thomas, together owned an undivided 1/20 of the property. He was not required to go further and find that each of such five named plaintiffs owned an undivided 1/5 of 1/20, or 1/100 of the land. The prayer of plaintiffs' (appellants') petition requested only that their interest be divided from that of defendant Janie Mask', and did not ask that each plaintiff's interest be segregated from each other plaintiff's. The judgment was correct according to the facts found and recited therein, and was sufficiently definite for any purpose, and upon any theory under the pleadings and proof.

▪ Appellants' second point complains of fundamental error in that the judgment violates Rule 778. Rule 778 pro--

vides "The court shall adjudge the costs in a partition suit to be paid by each party to whom a share has been allotted in proportion to the value of such share." The decree adjudged that the costs be borne equally by the plaintiffs and defendants. This means that plaintiffs are decreed to pay half of the costs, but not that each plaintiff is to pay more than his proportionate share of said half. The plaintiffs were here contesting appellees' title to the interest conveyed to the appellee Janie Mask. Under such circumstances appellants were chargeable with the costs of contesting appellee's title. Johns v. Northcutt, 49 Tex. 444, 457. The costs incurred in making the partition will, of course, be apportioned according to the interest of the parties. These costs cannot be known until the partition has been effected by the commissioners, etc. The point is overruled.

■ Point No. 3 is refused; it reads: "The judgment does not dispose of all questions of law or equity affecting the title to the land involved in this suit. Rule 760." Under this point appellant complains that the court did not dispose of the issue as to the validity of the deed. It is perfectly clear to us that the court refused to cancel the deed, but found the deed to be valid, and awarded to appellee the undivided half interest conveyed to her by the deed, plus her 1/20 interest as an heir of her father. It was not essential that the court, in terms written into the judgment, expressly refuse to cancel the deed where, as here, he decreed to appellee 11/20, which judgment can be sustained only on the presumed finding that the facts existed which required that the deed be sustained. Appellant requested no findings of fact.

Our holding above disposes of appellants' fourth point, which asserts that the judgment is uncertain, indefinite, and confusing.

■ We think there were pleadings sufficient to support the judgment. Rule 756 requires the plaintiffs' petition to state the joint owners of claimants in a partition suit, and the share of each, and said petition purported to do so upon the basis that the deed sought to be cancelled was void. From the pleadings it could be determined that defendant Janie Mask was entitled to a child's share in her father's community interest in the land, and that if the deed from her mother to her was valid, she was the owner of her mother's community interest therein. It was agreed that Bob Jones and Janie Jones were the common source of title. It is manifest that the real contest here was whether the deed was valid, and that appellants did not contest the right of Janie Mask as the daughter of Bob Jones to share in his estate, as one of his heirs. Rule 67 provides, in part, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *" It is clear that the parties and the trial court tried the case upon the issue of the rights of the parties in the land as the heirs of Bob and Janie Jones, and upon the issue of the validity of the deed. The pleadings were therefore sufficient. See American National Ins. Co. v. Fox, 184 S.W.2d 937, 941. The pleadings, express and implied, and the evidence were sufficient to support the judgment, and we overrule appellants' points 5 and 6, which present the contrary.

Appellants' point 7 complains that the judgment granted appellees relief inconsistent with, and entirely different from that asked by appellee. This is a suit for the partition of real estate, and Rule 760, set forth above, states the court's duty. Appellants, as plaintiffs, were seeking to have their interest partitioned from that of appellee. They were entitled to have partitioned off to themselves only 9/20 interest in the land in question; while the prayer of appellee's answer was not well drawn, it was the duty of the court under above said Rule, and under the prayer of appellants' petition to render the judgment which was rendered. Even appellee's petition asked for a legal partition, and cannot be reasonably construed as disclaiming her interest in the land as an heir. The point is overruled.

Under these conclusions, it becomes our duty to affirm the judgment of the trial court. It will be so ordered.

Affirmed.