**GADD et al. v. LYNCH et al.**

No. 12534.

Court of Civil Appeals of Texas.
San Antonio.
April 29, 1953.

Rehearing Denied May 20, 1953.

E. T. Yates, Brownsville, for appellants.

Carter, Stiernberg, Blanton & Skaggs, Harlingen, for appellees.

POPE, Justice.

This is a partition suit. Since no statement of facts has been brought forward, but full findings of fact were made by the trial court in the judgment, our problem is to examine the legal consequences of an unchallenged state of facts. Apart from some procedural matters, which we shall discuss, the basic question presented by this appeal concerns the rights of pretermitted children born out of wedlock, but recognized by a father who later married the mother. An interpretation of Arts. 2581 and 8292, Vernon's Ann.Civ.Stats., becomes necessary.

J. E. Keller and Josefa Abrego became husband and wife by reason of a ceremonial marriage on August 21, 1925. For a long time prior to that marriage, they lived together under circumstances that did not amount to a common-law marriage. Prior to the ceremonial marriage, J. E. Keller and Josefa Abrego became the parents of five children. In 1919, before the marriage, the father made a will by the terms of which he devised his separate property to Consuelo Gadd and Jose Seserino Keller, those being two of his children then living and born of Josefa Abrego. A third child had been born, but the father devised nothing to him. When the father died in 1929 the will was probated so that Consuelo and Jose claimed the property under their father's will. The mother died in 1930, and no life estate is here involved.

After the father made his will in 1919, but before his ceremonial marriage to Josefa Abrego in 1925, two other children were born, they being Lily Lynch and Margaret Mott, the appellees. The appellees brought this suit against Consuelo, their sister, and the heirs of Jose, their brother. They claimed and were awarded a portion of their father's estate, under the provisions of Article 8292, Vernon's Ann.Civ. Stats., by reason of their being after-born and pretermitted children.

The two appellees argue that they were born after the 1919 will, and that by the terms of Article 8292 they succeeded to that portion of their father's estate that they would have received if the father had died intestate, that being a one-fifth interest each. Appellants argue that Article 8292 is inapplicable to children born out

of wedlock, and that while a subsequent marriage and recognition will legitimate the children under Article 2581, Vernon's Ann.Civ.Stats., and make the children "*capable of inheriting his estate*", it would not have the effect of revoking a will. Appellants rely upon Evans v. Evans, 186 S.W. 815, where, by analogy, under the provisions of the 1911 adoption statutes a subsequently adopted child was held to be outside the benefits of the statute pertaining to after-born children. By the wording of that adoption statute (now changed), a subsequent adoption "*shall entitle*" the adopted party to the rights and privileges "*of a legal heir * * *.*" That wording was held ineffective to revoke the provisions of a will so as to entitle a subsequently adopted child to inherit.

This matter now seems to be foreclosed by the Supreme Court in Garza v. Cavazos, 148 Tex. 138, 221 S.W.2d 549, 553, which says in part: "Trinidad Longoria being a child born after the making of the will takes a share in the estate by virtue of either Article 8292 or Article 8293, depending upon whether Sabas recognized Manuel as his child as required by Article 2581. The law reads into Sabas' will the applicable provisions of the statutes and makes the same a part of such will. (Authorities cited.) If Sabas did recognize Manuel as his child, then Article 8292, as it existed prior to the death of Sabas, would have the effect to vest title to ½ of Share No. 7 in Trinidad and to vest title to the other ½ in Share No. 7 in Nazaria." In that case Manuel was a child born out of wedlock, but his mother, Nazaria, later married Sabas.

The Court held that a child born out of wedlock before the making of a will, but recognized by the father, as provided by Article 2581, would render Article 8292 operative as to afterborn and pretermitted children. In the present case, the father recognized all five of his children, three of whom were born before the father made his will, and two of whom were born after the will was made. Article 8292 was operative under those facts and appellees, the after-born children, succeeded "to the same

portion of the father's estate as they would have been entitled to if the father had died intestate * * * *." Art. 8292, Vernon's Ann.Civ.Stats. In this instance, that portion was a one-fifth interest in the father's estate, as awarded by the trial court. Burton v. Connecticut General Life Ins. Co., Tex.Civ.App., 72 S.W.2d 318.

Appellants by two additional points say that the relief granted appellees was beyond their pleadings. The first of these points states that the pleadings asserted no equitable facts that would support the trial court's judgment awarding appellees their full one-fifth out of properties remaining, the appellants having previously sold portions of the property. The point is made that there are no allegations showing that the values of the unsold portions were the same as those for the sold portions. The other point states that appellees asserted a common-law marriage between the father and mother by reason of which all children were born in lawful wedlock, but that the judgment is grounded upon the father's recognition under Article 2581.

If the proof did not conform to the pleadings, appellants are in no position to complain. The record before us reflects no request for additional findings and conclusions, no objection to the evidence, no bill of exception, and no statement of facts. While the case was tried as a non-jury case, the rule is stated by McDonald, Texas Civil Practice, § 12.07:

"The parties may waive their right to have the trial confined to the area mapped out by the written pleadings. Such a waiver is established by the concurrence of two conditions: first, that the parties have, by evidence admitted without objection being interposed, fully developed controlling issues outside those raised in the written pleadings; and secondly, that the parties have permitted special issues upon such unpleaded grounds of recovery or defense to be inserted in the charge without interposing any objection on the ground that such special issues go beyond the pleadings."

Barry v. Patterson, Tex.Civ.App., 225 S.W.2d 864, 869 expresses the same idea:

"Our Supreme Court has gone fully into the construction of Rule 67, T.R. C.P., and has held that where a defendant wholly fails to file an answer, if the parties appear and try the case on certain issues without any objection of plaintiff that defendant has filed no answer, the lack of pleadings may not be raised for the first time in the appellate court. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. While the cited case was tried without a jury, we can perceive of no reason why it would not apply in jury cases; nor do we believe a plaintiff could, under our procedure, impliedly consent that an issue be tried without written pleadings, permit such issue to be submitted to the jury without objection, speculate on the result and when the issue is found against him, effectively raise the question of no pleading by motion for new trial."

Rules 67, 90, T.R.C.P.; Taylor v. Jones, Tex.Civ.App., 244 S.W.2d 371; Benham v. Southern, Tex.Civ.App., 242 S.W.2d 682; Jones v. Mask, Tex.Civ.App., 196 S.W.2d 693.

The judgment is affirmed.