**A. Z. STEPHENS, Appellant,**

v.

**A. J. ANDERSON, Appellee.**

No. 10263.

Court of Civil Appeals of Texas.

Austin.

Feb. 9, 1955.

Rehearing Denied March 2, 1955.

E. M. Grimes, Taylor, for appellant.

Wofford, Fullerton & Barkley, Taylor, for appellee.

GRAY, Justice.

Appellant sued appellee to recover installments of rent under a written lease contract. Appellee defended on the grounds that appellant breached the contract and thereafter notified appellee that he would not be further bound and that he considered the contract terminated.

Appellee filed admissions under Rule 266, Texas Rules of Civil Procedure, asked and was granted the right to open and conclude in adducing evidence and in the arguments.

Upon jury findings a judgment was rendered denying appellant full recovery of the relief prayed for.

By a written contract dated October 4, 1950, appellant leased to appellee the front room of his residence for a term of five years for a monthly rental of $100 per month payable on the 10th day of each month in advance.

Appellee took possession of the leased room and operated a retail liquor store there until on or about November 10, 1951, when he removed his stock of whiskey

therefrom. Thereafter appellee, through his representatives, contacted appellant relative to allowing his female employees to occupy the room, however no agreement was ever reached as to this matter.

The leased room was equipped with counters and shelves suitable for storing appellee's stock of whiskey and was so located and connected with the balance of appellant's residence that it could be entered from the outside and the doors leading from the room to other parts of the residence could be locked.

Appellee paid the monthly rentals up to and including December 10, 1951.

Appellee testified that he was familiarly known as "Cowboy" and that sometime after he moved his stock of whiskey from the room appellant came to where he was having a well drilled at a place of business in the vicinity of the rented room and that

"A. * * * Mr. Stephens drove up there and got out and walked over and shook hands with me and he said, 'Cowboy, I want to put—' He says, 'I don't want—I am not going to keep you on that building if you don't want to keep the lease,' said, 'I am going to give it back to you;' says, 'I am going to put a beer place in there,' says, 'if you will give me the key.' Says, 'I don't want those girls that Mr. Hyder wants to put in there.' Says, 'Give me the key,' and I says, 'Mr. Stephens, I don't have the key. Your brother has the key. He left it here at the whiskey store.' He says, 'No, he don't have it.' I says, 'Well, I don't have it.' He says, 'I am going to put in a beer place there and you are off of the lease.'

* * * * * *

"A. He told me he would release me from that lease and put him in a beer place."

This conversation at the well appears to have occurred the latter part of February, 1952.

Appellant admitted having a conversation with appellee at the well but denied that he told appellee "the lease was out," and said:

"A. * * * I just told him that if I could get a beer license, why, I would release him or if I could lease it to someone else for as much as a hundred dollars a month which his lease called for that I had—he had it leased for a hundred dollars a month. I told him if I could lease it for a hundred dollars a month I would still let him out of his contract, or if I could use it myself."

After the conversation at the well appellant took down the shelves in the room and on March 26, 1952, applied for a license to sell beer. Thereafter he bought an electric beer box and some stools for the room and an electric piano and a cigarette machine were placed there.

A license to sell beer was not issued to appellant.

The cause was submitted to a jury on two special issues and the jury found: (1) that after appellee moved his stock of liquor from the room appellant deprived him of the peaceable use and enjoyment of the premises, and (2) that appellant so deprived appellee of the peaceful use and enjoyment of the leased premises at the time, or on the occasion, he applied for a beer license and tore down the shelves.

Appellant filed his motion for judgment non obstante verdicto which was overruled and judgment was rendered that appellant recover judgment against appellee for $281.-87 and interest from date of judgment.

In the briefs the parties seem to agree this judgment was for rentals due for the months of January, February and to March 26, 1952, and interest to date of trial.

Appellant here presents one point which is:

"By reason of appellee's admission under Rule 266 and the fact that no good defense alleged in the answer was

sustained on the trial, the trial court erred in overruling appellant's motion for judgment, non obstante verdicto, that he recover as set forth in the petition, and he is now entitled to reversal of the trial court's judgment and rendition of judgment that he recover as set forth in the petition."

It would serve no useful purpose to further set out appellee's pleadings for the reason that the evidence above referred to was heard and the special issues were submitted without objections. In this state of the record appellant is not in position to here complain that there were no pleadings to support the jury findings, or that the issues go beyond the scope of the written pleadings. At most if the written pleadings are subject to these objections then it must be presumed that the issues were tried by the implied consent of the parties. Rule 67, Texas Rules of Civil Procedure. Barry v. Patterson, Tex.Civ.App., 225 S.W.2d 864; Gadd v. Lynch, Tex.Civ.App., 258 S.W.2d 168, error ref.

Appellant cites Stillman v. Youmans, Tex.Civ.App., 266 S.W.2d 913, 916, no writ history, wherein the Court said:

"In 52 C.J.S., Landlord and Tenant, § 455, p. 171, a constructive eviction is defined as follows: 'An intentional act or omission of the landlord, or by those acting under his authority or with his permission, that permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises or any substantial part thereof, in consequence of which he abandons the premises, constitutes a constructive eviction.' "

Appellant says that applying this test to the evidence before us an eviction is not shown.

The cause appears to have been submitted to the jury on the theory of eviction and not on the theory of a termination of the lease by agreement of the parties, for which reason we will apply the evidence to the former theory.

The lease contract provided that the lessee had the right to assign the agreement or to sublet the premises or any part thereof. Appellant does not say he objected to girls occupying the room by reason of the terms of the lease but because there were no toilet conveniences for the room and testified that if appellee "wanted to put a toilet in there and pay for it himself, I wouldn't object to it." He testified that he had a conversation with Mr. Hyder in which he said:

"Mr. Hyder just said that he wanted —they wanted to put some women up there, and I just told him the same as I told Mr. Lewis, that there wasn't any toilet facilities up there; I didn't think it was a fit place to put anybody to room up there; so I just told him to tell Mr. Anderson to quit sending his help up there, to come and talk to me himself and maybe we could iron out something or the other that was suitable all the way around."

The negotiations relative to allowing women to occupy the room continued for some time prior to the conversation at the well.

■ There appears to be no dispute in the evidence that appellant: took down the shelves and piled the lumber out of which they were made in the leased room; bought and placed a beer box and stools therein, and that a piano and a cigarette machine were placed there. Further a neon liquor sign and a beer sign were stored in the room by appellant.

Even if full credit is given to appellant's contention that he told appellee he would release him from the contract "if I could get a beer license," his acts supra were sufficient to deprive appellee of the peaceful enjoyment and beneficial use of the whole, or a substantial part, of the leased premises and justified the jury's findings. Ellison v. Charbonneau, Tex.Civ.App., 101 S.W.2d 310, error dism.; Nabors v. Johnson, Tex. Civ.App., 51 S.W.2d 1081; Nelson v. Lamb, Tex.Civ.App., 252 S.W.2d 713.

Under the jury's findings the trial court's judgment awarding appellant a recovery of rent to March 26, 1952 only was proper since after that time the acts of appellant were sufficient to suspend the payment of rent, there being no restoration of the leased premises to appellee shown. Ellison v. Charbonneau, supra.

The judgment of the trial court is affirmed.

Affirmed.