**Lillian LUCKY, Independent Executrix, et al., Appellants,**

**v.**

**FIDELITY UNION LIFE INSURANCE COMPANY, Appellee.**

No. 15682.

Court of Civil Appeals of Texas.

Dallas.

Oct. 28, 1960.

L. W. Anderson, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellants.

H. B. Houston, Dallas, for appellee.

THOMAS, Justice.

This is an appeal from a summary judgment in favor of a landlord, appellee Fidelity Union Life Insurance Company, against its tenant's Independent Executrix, appellant Lillian Lucky, Independent Executrix of Clyde M. Lucky, deceased, and in turn in her favor against tenant's subtenant, appellant Gordon Hall, d/b/a

Texas and Foreign Underwriters, for alleged unpaid rent on offices in the Fidelity Union Life Building in Dallas for the months of July, August and September, 1957, together with attorney's fees. It is our opinion that the summary judgment should not have been granted in favor of the landlord against tenant's executrix because the record discloses the existence of genuine issues of material facts tending to support the defense that no liability existed for unpaid rent because the landlord had actually or constructively improperly evicted the subtenant and tenant. Consequently, the judgment over against the subtenant was also improper.

It is undisputed that landlord and tenant entered into a written lease of the offices for a term from October 1, 1954 through September 30, 1957, at a rental payable $260 monthly in advance. Tenant paid all rents to June 1, 1956, when he sold his business to subtenant and with the knowledge and acquiescence of landlord transferred and assigned the lease to subtenant who thereafter paid the monthly rentals to landlord except those accruing from July 1, 1957 to the end of the lease. Check for the July rental was sent to landlord by subtenant, but payment was stopped upon discovery by subtenant of the acts of the landlord herein described. No further rentals were paid or tendered. After the expiration of the term of the lease the landlord filed claim with tenant's executrix for unpaid rentals, which claim was not allowed; then it filed this suit against tenant's executrix only. Subtenant was impleaded as third-party defendant by appellant executrix, and judgment over against him for any amount landlord recovered was prayed for. Landlord's motion for summary judgment against tenant's executrix, and her motion for summary judgment over against subtenant and the answers of each are all supported by affidavits and deposition. No question is raised regarding the sufficiency of the pleadings, motions or affidavits.

From affidavits made a part of the summary judgment proceedings it appears:

subtenant closed his office in Dallas in May of 1957 and moved from the leased premises. The landlord was advised of the move, and was requested and agreed to assist in finding a new tenant, if possible, to take over the vacated premises for the remainder of the term of the lease. Subtenant continued to pay rent and consulted with landlord, regarding prospective new tenants. Subtenant mailed the rental due on July 1, 1957 to landlord. Several days later a representative of subtenant was in Dallas and went to the leased premises where he discovered that the landlord was engaged in extensive remodeling work in the leased offices for a new tenant's use to commence on October 1, 1957. The landlord had torn out the vault, washroom and closet and was adding various interior doors. Upon learning of this extensive remodeling, to which he says he had not consented, the subtenant stopped payment on his check and has refused to make any further payments. The remodeling work was completed about September 18, 1957, the new tenant moved into the offices, but paid no rent until October 1957, after the lease in question here had expired.

In an affidavit of an employee of subtenant having knowledge of the facts, it is stated: "There were several long distance calls made inquiring as to the progress concerning the rental. Sometime in June, we were advised by the Building Manager that he had a tenant who would take over as of September 1, 1957. We thought we could find a tenant who would take over sooner and asked him to continue his efforts. On or about July 1, 1957, I contacted the Building Manager to get a progress report, and he advised that the best proposition he had so far was the September 1 date and requested permission to close the deal with these people, as he was going on vacation and wanted to be sure their space was in tip top shape. I thought we could do better and requested that he continue trying, and he assured me he would."

The landlord's building manager testified by deposition made a part of the summary judgment proceedings: that the remodeling work was being done to the specifications of a new tenant and involved changing partitions, rearranging lighting fixtures, reinstalling acoustical tile, plastering and painting; that the offices would not be fit for occupancy until the middle of September; that because the subtenant had told him to do whatever he could to rent the space, he thought that included entering the premises and making the alterations; that he never told anyone connected with subtenant that he had a tenant that was taking over effective September 1st; that the remodeling work started a day or two prior to July 1st.

■ Appellants both contend that there was an eviction, actual or constructive, by the landlord. We agree that to say the least a genuine issue of fact exists as to whether eviction occurred. "As a general rule the tenant's being deprived of the beneficial use or enjoyment of the whole or a material part of the demised premises by some intentional and permanent act or omission of the landlord constitutes an eviction." 52 C.J.S. Landlord and Tenant § 447, p. 161. "Actual eviction of a tenant by his landlord consists of removal or exclusion of a tenant from the premises, or a part thereof, by physical acts, or threats of violence equivalent to force, on the part of the landlord." 52 C.J.S. Landlord and Tenant § 450, p. 168. "An intentional act or omission of the landlord, or by those acting under his authority or with his permission, that permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises or any substantial part thereof, in consequence of which he abandons the premises, constitutes a constructive eviction." Id. § 455, p. 171; Richker v. Georgandis, Tex. Civ.App., Houston, 323 S.W.2d 90, N.R.E.; Stephens v. Anderson, Tex.Civ.App. Austin, 275 S.W.2d 869, N.R.E.; Stillman v. Youmans, Tex.Civ.App., Galveston, No Writ History, 266 S.W.2d 913; 7 Baylor Law Review 456.

We agree with appellee landlord that the tenant was not relieved from his liability for rent for the stipulated time merely because the assignment to appellant subtenant was acquiesced in by the landlord and rent collected by it from him. Carter v. Stovall, Tex.Civ.App., 291 S.W.2d 411. But eviction of the subtenant would be equivalent to an eviction of the tenant and relieve his executrix from all liability. 27 Tex.Jur. (Landlord & Tenant) Sec. 31, 52 C.J.S. Landlord and Tenant § 454, p. 171.

Appellee argues that since subtenant moved out because he decided to close the Dallas office, and the premises were vacant before the remodeling commenced, "the abandonment therefore was not caused by, or in consequence of the remodeling." With this theory we cannot agree. The subtenant did not abandon the lease or the premises merely by vacating. He recognized his obligations and continued to pay the rent. He owned the right of possession in the premises which the landlord impliedly covenanted would be quietly and peacefully enjoyed. The abandonment by the subtenant, if any, occurred when he stopped payment on his check, repudiated any further obligations under the terms of the lease, claiming that he had been evicted because of the acts of the landlord.

Of course, the motion for summary judgment made by the landlord should not have been sustained unless the record disclosed the existence of no genuine issue of the material facts. Any doubt as to whether such fact issues exist must be resolved against the landlord, and the evidence tending to support the contentions of the tenant and/or the subtenant must be accepted as true, and appellants must receive the benefit of every reasonable inference which can be drawn therefrom in their favor. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Since this record, when construed in the light of the foregoing principles shows that the appellants have raised appropriate defenses and that genuine material issues of fact do exist, their points of appeal are sustained.

The summary judgments will be reversed and the cause remanded.