John R. ZOROLA, Appellant,

v.

BISHOP & SON, Appellee.

No. 14476.

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1966.

Rehearing Denied April 20, 1966.

**714**

Pepos S. Dounson, San Antonio, for appellant.

Hubert W. Green, Jr., Fred Clark, San Antonio, for appellee.

CADENA, Justice.

Appellant, John R. Zorola, sued appellee, Bishop & Son, contractor, for cancellation of a note and a mechanic's lien contract executed by appellant in favor of appellee, or, in the alternative, for damages for breach of contract. Appellee filed a cross-action seeking full recovery on the note in the sum of $3,350.00, with foreclosure of the mechanic's lien, or, in the alternative, for recovery on the basis of quantum meruit, alleging the reasonable value of the work performed by it to be $3,350.00.

The mechanic's lien contract provided that in the event of non-completion of the work appellee would be entitled to recover, and to have a lien for, the full contract price, less the amount necessary to complete the work according to the plans and specifications. The contract recited that appellee was to "build, construct and complete, in a good and workmanlike manner, according to plans and specifications agreed upon by Parties hereto, and to furnish and provide all labor and material to be used in placing a permanent and valuable improvement upon the below described property, to-wit: one house formerly located at 214 McLeory; one house formerly located at 510 E. Lubbock; one house formerly located at 305 McKay." There were no written plans and specifications, the agreement relating to the details of the work to be done by appellee being oral.

In answer to appellee's cross-action, appellant alleged that appellee failed to perform the work as agreed, pointing out seven specific instances of such alleged failure.

In answer to special issues, the jury found that appellee had agreed to erect front porches on two of the houses in question, and that the reasonable cost of erecting front porches on such two houses would be $225.00. The jury further found that appellee had not substantially performed its obligations under the contract, and that the reasonable value of the work done by appellee was $2,500.00.

The trial court entered judgment for appellee on the cross-action in the amount of $3,125.00, with interest thereon at the rate of 10% from June 1, 1964, together with attorney's fees in the sum of $312.50. The judgment also provided for foreclosure of the mechanic's lien.

The case is before us without a statement of facts or bills of exception. There is nothing in the record to indicate that appellant excepted to the sufficiency of appellee's pleadings, objected to the admission of testimony, requested the submission of special issues, or objected to the submission of special issues.

Appellant first contends that the judgment of the trial court is not supported by the pleadings, since appellee's cross-action contained no allegations relating to the partial recovery clause of the contract; no allegations as to the amount reasonably necessary to complete the improvements according to the plans and specifications; and no prayer for recovery of less than the contract price. Appellant relies on Murphy v. Williams, 103 Tex. 155, 124 S.W. 900 (1910); Galbraith-Foxworth Lumber Co. v. Long, 5 S.W.2d 162 (Tex.Civ.App.1928, wr. ref.); and Mathes v. Williams, 134 S.W.2d 853, (Tex.Civ.App.1939, no writ).

■ The Murphy, Long and Williams cases lend support to appellant's theory. However, all three cases were decided before the adoption of our present Rules 67 and 90, Texas Rules of Civil Procedure. Prior to the adoption of these rules, our Courts exhibited a strong tendency to confine the parties to the strict letter of their pleadings. It is apparent that Rules 67 and 90 give voice to a far different philosophy. The present attitude is aptly expressed in the opinion of Justice Pope, speaking for this Court, in Gadd v. Lynch, 258 S.W.2d 168, 169–170, no writ, as follows:

"If the proof did not conform to the pleadings, appellants are in no position to complain. The record before us reflects no request for additional findings and conclusions, no objection to the evidence, no bill of exception, and no statement of facts. While the case was tried as a non-jury case, the rule is stated by McDonald, Texas Civil Practice, § 12.07:

" 'The parties may waive their right to have the trial confined to the area mapped out by the written pleadings. Such a waiver is established by the concurrence of two conditions: first, that the parties have, by evidence admitted without objection being interposed, fully developed controlling issues outside those raised in the written pleadings; and secondly, that the parties have permitted special issues upon such unpleaded grounds of recovery or defense to be inserted in the charge without interposing any objecton on the ground that such special issues go beyond the pleadings.'

"Barry v. Patterson, Tex.Civ.App., 225 S.W.2d 864, 869 expresses the same idea:

" 'Our Supreme Court has gone fully into the construction of Rule 67, T.R. C.P., and has held that where a defendant wholly fails to file an answer, if the parties appear and try the case on certain issues without any objection of plaintiff that defendant has filed no answer, the lack of pleadings may not be raised for the first time in the appellate court. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. While the cited case was tried without a jury, we can perceive of no reason why it would not apply in jury cases; nor do we believe a plaintiff could, under our procedure, impliedly consent that an issue be tried without written pleadings, permit such issue to be submitted to the jury without objection, speculate on the result and when the issue is found against him, effectively raise the question of no pleading by motion for new trial.' Rules 67, 90, T.R.C.P.; Taylor v. Jones, Tex. Civ.App., 244 S.W.2d 371; Benham v. Southern, Tex.Civ.App., 242 S.W.2d 682; Jones v. Mask, Tex.Civ.App., 196 S.W.2d 693."

■ Here the jury found that the work had not been completed, in that appellee had failed to equip two of the houses with front porches, and that the cost of completing such work would be $225.00. Appellant's pleadings established the existence of the partial recovery clause in the contract. All facts necessary to the partial recovery by appellee were thus established or found by the jury without objection by appellant.

Appellant next insists that the judgment cannot be sustained on a quantum meruit basis under the record in this case. The judgment of the court clearly reflects that it is not based on quantum meruit, but on the written contract and promissory note.

The amount awarded, $3,125.00, is, as appellant points out in his brief, the amount of the note less the reasonable cost of building front porches on two of the houses. The judgment, therefore, follows that language of the partial recovery provisions of the contract. Had the court intended to allow recovery on a quantum meruit basis, it clearly would have rendered judgment for appellee in the sum of $2,500.00, the amount which the jury found to be the reasonable value of the work performed by appellee.

The allowance of interest and attorney's fees was also proper, since the judgment is based on the note and contract, and not on quantum meruit.

The judgment is affirmed.