**VANITY FAIR PROPERTIES, Appellant,**

v.

**Nancy BILLINGSLEY et al., Individually and d/b/a The Shower Stall, Appellee.**

No. 14959.

Court of Civil Appeals of Texas, San Antonio.

June 30, 1971.

Rehearing Denied July 28, 1971.

**454**

Berman, Fichtner & Mitchell, Jay S. Fichtner, Dallas, for appellant.

Michael B. Hunter, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit was originally filed by appellees seeking a rescission of two lease agreements dated December 1, 1965, and July 13, 1966, covering certain premises in Vanity Fair Shopping Center in San Antonio, in which lease agreements appellees were the lessee and appellant, the lessor. Appellant filed a cross-action for damages it allegedly sustained due to appellees' breach of the lease agreements, including loss of rentals, costs of certain leasehold improvements and remodeling costs in connection with a new lease thereafter entered into by appellant with other parties. In answer to such cross-action, appellees also set forth certain defenses as constituting an avoidance of such leases. Trial was to the court without a jury, and judgment entered by the trial court that appellees take nothing against appellant for their cause of action for fraud in inducing appellees to enter into the lease agreements, and that appellant take nothing against appellees on its cross-action, by reason of its conduct in having locked appellees out of the building by the changing of the locks at a time when the premises had

not been abandoned. Appellees have not perfected an appeal from the judgment of the trial court, and the posture of the case as it appears before us is one where appellant, as lessor, seeks recovery against appellees, as lessee, for its damages arising out of appellees' alleged breach of the two written lease agreements.

This case is before us without a statement of facts.[1] By one of its points of error, appellant complains that this court erred in failing to grant appellant's motion for extension of time to file such statement of facts. By written opinion dated October 28, 1970, 464 S.W.2d 159, we held that good cause had not been shown for an extension of time to file such statement of facts, and denied appellant's motion. We here now reaffirm such holding and do not deem it necessary to reiterate the reasons therefor, which are fully set out in such written opinion.

■ Findings of fact and conclusions of law were made by the trial court. In the absence of a statement of facts, the findings of fact made by the trial court in cases tried without a jury are conclusive on the appellate court, and it must be presumed that the evidence was sufficient and every fact necessary to support the findings and judgment was proved at the trial. Carter v. G & L Tool Company of Utah, Inc., 428 S.W.2d 677 (Tex.Civ.App.—San Antonio 1968, no writ); Mulcahy v. Cohen, 377 S.W.2d 100 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); Phillips v. American Gen. Ins. Co., 376 S.W.2d 808 (Tex.Civ.App.—Amarillo 1964, no writ); Nuse v. Kormeier, 351 S.W.2d 382 (Tex.Civ.App.—Austin 1961, no writ); Foran v. Smith, 228 S.W.2d 251 (Tex.Civ.App.—San Antonio 1950, no writ); Shroff v. Deaton, 220 S.W.2d 489 (Tex.Civ.App.—Texarkana 1949, no writ).

By one point of error called Preliminary Point No. 1, appellant complains that the trial court erred in failing to timely file

---

1. Although this case involves the construction of two lease agreements, such leases do not appear in the record before us, and there is nothing in the record to show the full terms and provisions of such leases.

findings of fact and conclusions of law, and that those which were filed were not full and complete.

■ A judgment was entered by the court on June 6, 1970. Appellant timely filed a request for findings of fact and conclusions of law within ten days of such date. Rule 296, Texas Rules of Civil Procedure. A corrected judgment was signed and entered by the court on August 6, 1970. Appellant's amended motion for new trial was denied on August 10, 1970, and on the same date, appellant made a second request for findings of fact and conclusions of law. No findings of fact or conclusions of law were made by the trial judge within thirty days before the time for filing the transcript in said cause as required by Rule 297, T.R.C.P.,[2] nor did appellant within five days after such period call the omission to the attention of the judge as required by Rule 297. On October 9, 1970, the trial court filed its findings of fact and conclusions of law. Appellant did not within five days thereafter request further, additional or amended findings as provided for in Rule 298, T.R.C.P.[3] On the 22nd day of October, 1970, appellant filed a request for additional findings and conclusions, and on the same date, the trial judge granted some of such requested findings and refused some. This date is in excess of ten days after the trial court's original findings of fact and conclusions of law were filed.

It is seen that appellant did not comply with the applicable rules of civil procedure

pertaining to findings of fact and conclusions of law in several respects. The trial court did not file its original findings of fact and conclusions of law on or prior to thirty days before the time for filing the transcript in said cause; but in order to complain of such failure, appellant was required within five days after such period to call the omission to the attention of the judge, which it failed to do. Rule 297, supra. Further, appellant's request for additional findings was not made within five days after the filing of the original findings of fact and conclusions of law, as required by Rule 298, supra. Appellant waived its right to complain of the trial court's failure to timely file the findings of fact and conclusions of law, and waived its right to complain that the findings which were filed were not full and complete by its failure to comply with Rules 297 and 298, supra. Appellant's Preliminary Point of Error No. 1 is overruled. Continental Trailways, Inc. v. McCandless, 450 S.W.2d 707 (Tex.Civ.App.—Austin 1970, no writ); Blair v. Blair, 434 S.W.2d 943 (Tex.Civ. App.—Dallas 1968, no writ); Eng v. Wheeler, 302 S.W.2d 263 (Tex.Civ.App.— San Antonio 1957, writ dism'd); Century Indemnity Co. v. First National Bank, 272 S.W.2d 150 (Tex.Civ.App.—Texarkana 1954, no writ). In any event, there is nothing in the record before us to show that those requested findings which were refused were ultimate or controlling issues. Rule 434, T.R.C.P.; Plaza Co. v. White, 160 S.W.2d 312 (Tex.Civ.App.—San Antonio 1942, writ ref'd).

2. "When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

3. "After the judge so files original findings of fact and conclusions of law, either party may, within five days, request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions as may be proper, whereupon they shall be considered as filed in due time. Notice of the filing of the request provided for herein shall be served on the opposite party as provided in Rule 21a or 21b. As amended by order of March 19, 1957, effective Sept. 1, 1957."

By seven points of error appellant urges that the trial court used an improper measure of damages in denying relief to appellant; that the trial court erred in concluding that appellant's act in changing the locks constituted an eviction; that the trial court erred in failing to grant appellant a judgment for damages for breach of the lease agreements; that appellees waived avoidance of the leases on the grounds of eviction; that appellees were not entitled to rescind the lease agreements because of:

(a) Laches, ratification and confirmation;

(b) Because they failed to plead and prove a tender to appellant of restoration of status to the parties prior to the execution of the leases; and

(c) Because they failed to plead and prove that they had no adequate remedy at law for damages.

Appellant also urges that the trial court erred in not granting a judgment to appellant for rental due for the month of May, 1967, together with interest, attorneys' fees and costs of suit; and that the court erred in failing to grant a judgment to appellant for loss of rentals, loss of investment in leasehold improvements, and costs of remodeling for a new tenant.

In answer to appellant's cross-action for damages for alleged breach of contract, appellees asserted several defenses, including eviction and constructive eviction, surrender and acceptance, surrender as a matter of law, and election by the landlord to treat the leases as cancelled. Among other findings of fact and conclusions of law, the trial court found:

(a) The locks to the leased premises were changed by the landlord [appellant];

(b) It was the intention of the landlord in changing the locks to take possession of the premises and prevent appellees from coming back upon the leased premises;

(c) The landlord retained possession of the leased premises from the time of the changing of the locks until the landlord relet the premises to another person;

(d) Appellees abandoned the premises as a result of appellant changing the locks;

(e) Appellees were evicted from the premises on May 5, 1967;

(f) At the time the next rental payment came due, appellant had already evicted appellees;

(g) The tenant was not in default under the leases at the time the locks to the leased premises were changed;

(h) The changing of the locks on the leased premises prevented the tenant from using the leased premises for the purposes for which the premises were leased;

(i) The changing of the locks permanently deprived the tenant from the use and enjoyment of the premises;

(j) The intention of the landlord in keeping possession was to use the leased premises for his own benefit;

(k) The landlord relet the premises to another, which lease was for more space and longer terms;

(l) The reletting was for its own benefit;

(m) The taking possession by the landlord after changing the locks and keeping the premises locked until the reletting were for the benefit of the landlord;

(n) Appellees abandoned the premises after appellant had changed the locks on the leased premises, and before they were in default under the leases.

(o) The reletting of the premises for a new lease on different terms and for more space was for the benefit of the landlord, and not the tenant;

(p) The taking of possession and remodeling for the new tenant was not in the interest of or for the benefit of the tenant;

(q) The taking of the possession of the leased premises by appellant and the changing of the locks caused cancellation of the leases, and appellant is not entitled to recover anything based on the lease contracts dated December 5, 1965, and July 13, 1966;

(r) The acts of appellant in changing the locks on the leased premises and taking of possession for its own use and benefit, and the reletting of the leased premises on terms different from the original leases, and for more space than the original leases, amounted to a surrender and acceptance of such original leases.

■ As hereinbefore discussed, this case is before us *without a statement of facts*, and it must be presumed that the evidence was sufficient and that every fact necessary to support the findings and judgment were proved at the trial. Under the record such findings by the trial court are binding on us. The findings hereinbefore set forth

clearly support the trial court's judgment on a basis of eviction and constructive eviction, and form a sufficient basis for the judgment entered by the trial court.[4]

We are of the opinion that the findings hereinbefore set forth also sufficiently support the trial court's judgment on other defensive theories relied upon by appellees, including surrender by operation of law, surrender and acceptance, and election by appellant to treat the leases as cancelled. Rohrt v. Kelley Mfg. Co., 162 Tex. 534, 349 S.W.2d 95 (1961); Dearborn Stove Company v. Caples, 149 Tex. 563, 236 S.W. 2d 486, 489 (1951); Dean v. Lacey, 437 S. W.2d 433 (Tex.Civ.App.—Beaumont 1969, no writ); Wheeler v. Thomas, 328 S.W.2d 891, 896 (Tex.Civ.App.—Beaumont 1959, no writ); Flack v. Sarnosa Oil Corp., 293 S.W.2d 688 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.).[5]

Appellant's contention that the trial court should have awarded it attorneys' fees is

---

4. " 'As a general rule the tenant's being deprived of the beneficial use or enjoyment of the whole or a material part of the demised premises by some intentional and permanent act or omission of the landlord constitutes an eviction.' 52 C.J.S. Landlord and Tenant § 447, p. 161. 'Actual eviction of a tenant by his landlord consists of removal or exclusion of a tenant from the premises, or a part thereof, by physical acts, or threats of violence equivalent to force, on the part of the landlord.' 52 C.J.S. Landlord and Tenant § 450, p. 168. 'An intentional act or omission of the landlord, or by those acting under his authority or with his permission, that permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises or any substantial part thereof, in consequence of which he abandons the premises, constitutes a constructive eviction.' Id. § 455, p. 171; Richker v. Georgandis, Tex.Civ.App., Houston, 323 S.W.2d 90, N.R.E.; Stephens v. Anderson, Tex.Civ. App., Austin, 275 S.W.2d 869, N.R.E.; Stillman v. Youmans, Tex.Civ.App., Galveston, No Writ History, 266 S.W.2d 913; 7 Baylor Law Review 456." Lucky v. Fidelity Union Life Insurance Company, 339 S.W.2d 956, 958 (Tex.Civ.App.—Dallas 1960, no writ).

5. Dean v. Lacey, supra, 437 S.W.2d 433 at 438, quoting from South Falls Corp. v. Kalkstein, 349 F.2d 378, 384 (5th Cir. 1965), summarizes Texas law as follows: " 'In Texas a lease agreement may be terminated only by the mutual consent of lessor and lessee. See, e, g., Stewart v. Basey, 241 S.W.2d 353, 358 (Tex.Civ. App.1951), aff'd 150 Tex. 666, 245 S.W. 2d 484; Barret v. Heartfield, 140 S.W.2d 942, 944–945 (Tex.Civ.App.1940). An agreement to terminate may be inferred from the objective acts of the parties. See, e. g., Cannon v. Freyermuth, 4 S.W. 2d 84 (Tex.Civ.App.1928). Hence, there is said to be a surrender by operation of law whenever the parties have so acted that it would be inequitable for either to assert the continued existence of the lease. Therefore, if, upon an abandonment of the premises by the tenant in possession and a default in the rental obligation, the landlord re-enters and relets *for his own benefit*, the tenant's obligations will be considered terminated by operation of law. See, e. g., Flack v. Sarnosa Oil Corp., 293 S.W.2d 688, 689 (Tex.Civ.App.1956); Wheeler v. Thomas, 328 S.W.2d 891, 896 (Tex.Civ.App.1959). The tenant's abandonment constitutes an *offer to terminate* which is deemed accepted by the landlord's acts inconsistent with the tenant's continued possession.' "

without merit. There is no proof in the record as to the amount or reasonableness of any attorneys' fees.

All of appellant's points of error have been considered and all are overruled. The judgment of the trial court is affirmed.