## ED S. HUGHES CO. v. SCOTT.
### No. 946.

Court of Civil Appeals of Texas. Eastland.
Feb. 12, 1932.

Scarborough, Ely & King, of Abilene, for appellant.

Wilson & Childers, of Abilene, for appellee.

HICKMAN, C. J.

In 1928 appellee purchased an Erskine automobile from appellant. Abour four months later he purchased from appellant a 1929 model Erskine and turned in the first one purchased as part of the purchase price for the second one. In January, 1930, he purchased his third Erskine from appellant, turning in his second one as a part of the purchase price for the third. He brought this suit to recover the damages sustained in each of the three transactions. Exceptions were sustained to

his right to recover on the first two transactions, and no recovery was had thereupon. No cross-assignments of error are presented, and we have only to consider the third transaction as if there had been no previous ones.

Concerning this third transaction appellee alleged, in substance, that on the 6th day of January, 1930, he traded a 1929 model Erskine for a 1930 model. That, in order to induce him to make the trade, appellant, through its salesman, made certain representations, not here necessary to detail; that these representations were false and known to be false when made; that he relied upon same at the time he made the trade. He further alleged that the purchase price of the 1930 Erskine was $1,165; that he made a net payment thereon of $445, as follows: $50 cash and "his actual agreed-upon equity of $395.00 in said 1929 Erskine which was traded in as part of the purchase price." He further alleged that, immediately upon discovering the defects in the last car bought, and within about three weeks after he purchased same, he informed appellant of the fraud that had been practiced upon him and returned the car to appellant, which was accepted by it, but that appellant failed and refused to return the $445 which had been paid down on it, and also failed and refused to return the 1929 Erskine. His prayer was for the amount of damages suffered in the three transactions, the specific amount claimed on account of the last transaction being $445. The case was submitted to a jury upon three special issues, and the jury, by its answers to these issues, found the following facts: (1) That appellant made the representations claimed; (2) that a material part of these representations were false; and (3) that appellee relied upon these representations. Upon this verdict judgment was rendered in favor of appellee against appellant for $445.

In so far as the last transaction was concerned, the suit was one for cancellation and rescission, with a prayer for the return of the purchase price paid. The court so regarded it, and, determining that $445 had been paid, without submitting that issue to the jury, rendered judgment against appellant for that amount. The facts proved will not support a judgment on this theory. According to the testimony of appellant's salesman, L. L. Petty, appellant never accepted the return of the car and never in fact actually received it. He testified that appellee had placed a lien against the car in favor of a company, not otherwise identified than as the C. I. T. Company. His testimony was that, when appellee left the car at appellant's place of business, he informed him that he would not be responsible for it; that he called the C. I. T. Company and was instructed by it to put the car in the house; that at the time the car was left there he warned appellee that a payment would be due upon it and that the mortgagee would reclaim it; that, in fact, the mortgagee did sell the car at public auction, after posting notices in accordance with the provisions of the mortgage. The car was purchased at the sale by a third person, not identified in the statement of facts. Appellee on direct examination seemed to have disputed the fact that he had placed a mortgage on the car, but on cross-examination he testified that he did finance the 1930 car through the C. I. T., and that he did not mean to tell the jury that he did not do so. The terms of the mortgage are not described in the record, and all we are advised about the matter is that the car returned was incumbered, and that same was sold at public sale to satisfy the lien. The amount of the incumbrance and the consideration therefor do not appear. This fact barred appellee's right to a rescission. He did not return the car purchased by him from appellant in substantially the condition in which he received it, but returned same incumbered by a lien under which it was later sold. Appellant did not receive back that with which it parted. Since he is in no position to have the contract rescinded, because of his inability to restore the thing received, appellee's only remedy lies in an action for damages. But even if it should be held that appellee tendered back substantially what he received in the transaction, the judgment could not be affirmed, as against appellant's assignments. Proof of trade-in value in an exchange of properties is not conclusive proof of market value. The evidence in this case would well support the conclusion that the market value of the car which appellee traded to appellant was substantially less than the trade-in value. The only certain element of damages shown by the evidence is $50, the cash payment. An issue should have been submitted as to the value of the other consideration paid. The court could not assume that it was $395.

The judgment of the trial court will be reversed, and the cause remanded.