### BENHAM v. SOUTHERN et al.
#### No. 12319.

Court of Civil Appeals of Texas.
San Antonio.
Sept. 19, 1951.

Rehearing Denied Oct. 17, 1951.

Henry Lee Taylor, San Antonio, for appellant.

Biery, Biery & Brown, and Ralph E. Cadwallader, all of San Antonio, for appellee.

NORVELL, Justice.

This suit arose out of a transaction whereby appellees, Gayle H. Southern and Grace Southern purchased a Buick automobile from appellant, Claude G. Benham, doing business as the San Antonio Mortgage Company. The consideration paid for the Buick was a Ford automobile and the proceeds of a note executed by Mr. and Mrs. Southern and payable to the Union State Bank. It later developed that the Buick had been stolen and it was recovered from the Southerns by the rightful owner. While numerous other persons were originally involved in this litigation, the final judgment rendered, after a hearing before the court without a jury, denied relief to all other parties except the Union State Bank and Mr. and Mrs. Southern. The bank was awarded judgment against the Southerns for the unpaid balance of the note executed

by them when they purchased the Buick. The Southerns in turn were awarded judgment against Benham "for the sum of seventeen hundred and seventeen dollars ($1717.00), being the proceeds of the note signed by Gayle U. Southern and Grace Southern in favor of the Union State Bank * * *; plus the further sum of $600.00, being the value of the Ford automobile traded in" on the Buick.

Benham has appealed and presents eight points of error, but in our opinion none of them discloses a reversible error.

■ A number of the points relate to alleged defects in pleading. The theory of the case seems clear enough. The Southerns had parted with a Ford automobile and had executed a note to the Union State Bank upon which they were held liable. They had lost the Buick automobile sold to them by appellant. The suit was essentially one for the recovery of the consideration paid for the Buick which appellant did not own. We find no evidence admitted over appellant's objection which could in any way operate as a surprise to him. The issues determined by the court and upon which the judgment is based were developed and tried in the court below without objection and it is now settled that under such circumstances a contention raised for the first time in the appellate court that the pleadings do not support the judgment is not tenable. Rules 67 and 90, Texas Rules of Civil Procedure; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

■ There was a dispute in the evidence as to whether or not any one authorized to act for and on behalf of Benham (San Antonio Mortgage Company) had sold the Buick to the Southerns and executed the assignment of the certificate of title. However, the issue was decided by the trial judge contrary to appellant's contention. We find that there is evidence in the record, which supports the trial judge's holding and such finding is consequently binding upon us. 3B Tex.Jur. 457, Appeal and Error, § 941.

■ It is asserted that there is no evidence of the value of the Ford automobile. It appears that an agreed value of $600 was placed upon the Ford car at the time the trade for the Buick was made. This seems to be the only evidence of value appearing in the record. While evidence of the trade in value of an automobile is not conclusive upon the issue, it is, nevertheless, some evidence of value and a trial judge's finding based thereon will not be set aside as having no support in the evidence. Ed. S. Hughes Co. v. Scott, Tex.Civ.App., 46 S. W.2d 1111; Thompson-Houston Electric Co. v. Berg, 10 Tex.Civ.App. 200, 30 S.W. 454, 458; 13 Tex.Jur. 415, Damages, § 415.

■ It is also asserted that the judgment is defective in that it fails to dispose of all of the parties. Were this true, the judgment would be interlocutory rather than final and we would be required to dismiss the appeal for want of jurisdiction. 3A Tex.Jur. 99, 105, Appeal and Error, §§ 76, 80. It appears that originally the question of the ownership of the Buick automobile was involved, but that this issue was severed from the present case and determined in favor of J. Roy Cole, who claimed the title as against Benham and his assignees, Mr. and Mrs. Southern. There were certain other parties brought into the suit while it was pending upon the docket, from 1947 to 1951, but the judgment specifically and fully disposed of the issues among and between Union State Bank, Claude G. Benham and Mr. and Mrs. Southern. The judgment expressly provided that, "all other relief prayed for herein by any of the parties hereto is specifically denied." We think the judgment disposed of all issues in the case and was a final appealable judgment.

The judgment appealed from is affirmed.