

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-18-00742-CV

**IN THE INTEREST OF I.L.**, C.C., and R.C., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01935
Honorable Linda A. Rodriguez, Judge Presiding[1]

Opinion by: Luz Elena D. Chapa, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: April 10, 2019

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

      Ana[2] appeals a final order in a suit affecting the parent–child relationship filed by the Department of Family and Protective Services. In her sole issue, she argues her counsel rendered ineffective assistance. As this issue relates to counsel's omissions during the motion for new trial stage, we reverse the part of the order decreeing Ana is not appointed possessory conservator, and we remand for the trial court to enter a new final order regarding possessory conservatorship. We overrule Ana's issue to the extent she complains counsel was per se ineffective by participating at trial by phone. We therefore affirm the remainder of the final order.

---

[1] Retired judge, sitting by assignment.
[2] To protect the identity of the minor children, we refer to the children's parents by their first names and to the children by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

## BACKGROUND

The Department filed suit requesting termination of Ana's parental rights to her children, I.L. (age 14), C.C. (age 11), and R.C. (age 10) and also requested the trial court appoint a managing conservator for the children. The trial court appointed counsel to represent Ana. Although a statement of inability to afford court costs and a waiver of service were filed, Ana's counsel did not file an answer or any motion on her behalf before trial.

The case proceeded to a bench trial. Ana appeared in person, and her trial counsel participated by phone. The record does not show why counsel was not physically present. At trial, the Department did not seek to terminate Ana's parental rights, but to have Ana appointed possessory conservator with no access to the children, stipulating this was in the children's best interest. I.L.'s older sister, Maria, agreed to be I.L.'s managing conservator and that Ana should be appointed possessory conservator with no access to the children. Ana testified she wanted more time to complete drug treatment.

During closing arguments, the children's attorney ad litem agreed Ana should be appointed possessory conservator with no access because it is in the children's best interest. The attorney ad litem for Jose, the father of R.C. and C.C., agreed Ana should be appointed possessory conservator. The Department's attorney stated the Department was asking that Ana be appointed possessory conservator with no access to the children. Ana's counsel requested more time, but requested alternatively that she be appointed possessory conservator. The trial court orally pronounced Ana was appointed possessory conservator with no access to the children.

The following day, the trial court signed a final written order decreeing Ana is "not" appointed possessory conservator.[3] The final written order was approved as to form by the

---

[3] Maria was appointed managing conservator of I.L. and Jose was appointed managing conservator of C.C. and R.C.

Department's and Jose's attorneys. The signature lines for the other attorneys to approve as to form are blank. The day after the trial court signed the final written order, Ana's trial counsel filed a notice of appeal and a motion to withdraw and substitute counsel. The motion was granted a few days later, and the trial court appointed appellate counsel to represent Ana on October 23, 2018. Ana's counsel did not file any post-judgment motion complaining about the final written order.

### "SECTION 153.073 PARENTAL RIGHTS" UNRELATED TO ACCESS TO THE CHILDREN

At the outset, we clarify the difference between a parent who is appointed possessory conservator with no access to a child and a parent non-conservator. Ordinarily, parents have all constitutional and statutory rights regarding their children. *See* TEX. FAM. CODE § 151.001. For proceedings in which parents may be deprived of their rights, Chapter 153 of the Family Code further parses parental rights into categories of conservatorship: managing conservatorship, possessory conservatorship, and non-conservatorship. *Id.* §§ 153.001–.709.

A parent who is appointed a conservator has, at all times, various parental rights ancillary to the care, custody, and control of a child, such as the right to receive information and confer with another parent about the child's health, education, and welfare. *Id.* § 153.073(a)(1)–(9).[4] In addition to these rights, a parent possessory conservator has the right of physical possession and access of a child as per court order. *Id.* § 153.192(a). And, in addition to the rights of parent possessory conservators, a parent managing conservator has the most significant decision-making rights affecting the care, custody, and control of a child. *See id.* § 153.132(1)–(9). Conversely, a parent who is not appointed a conservator has none of these rights.

The difference between possessory conservatorship with no access to a child and non-conservatorship are the parental rights in section 153.073 to receive information and confer with

---

[4] These parental rights are listed below in our discussion of the prejudice element of Ana's issue.

another parent about the child's health, education, and welfare. For clarity, we refer to the parental rights listed in section 153.073 as "section 153.073 parental rights." When the trial court orally pronounced its order in open court appointing Ana possessory conservator with no access, Ana had secured her section 153.073 parental rights unrelated to access. *See id.* § 153.073(a)(1)–(9). But when the trial court signed the final written order, Ana was not appointed a conservator and lost those parental rights. Thus, the difference between the order rendered in open court and the final written order is the loss of Ana's section 153.073 parental rights unrelated to access.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Ana's sole issue is that she received ineffective assistance of counsel. To sustain Ana's ineffective assistance of counsel claim, we must conclude: (1) she had a right to effective assistance of counsel; (2) counsel performed deficiently; and (3) counsel's deficient performance was prejudicial. *See In re J.O.A.*, 283 S.W.3d 336, 341–44 (Tex. 2009).

### A.  Right to Effective Assistance of Counsel

Section 107.013 of the Texas Family Code provides "a statutory right to counsel for indigent persons" in certain proceedings. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (citing TEX. FAM. CODE § 107.013(a)(1)). The Supreme Court of Texas has held this statutory right to counsel "embodies the right to effective counsel." *Id.* Consistent with courts of other states, the supreme court held section 107.013's appointment provision embodied a right to effective assistance of counsel in termination proceedings because, otherwise, the appointment provision would "seem a useless gesture." *Id.* The supreme court's holding in *M.S.* is crystal clear: if the appointment of counsel is statutorily required under section 107.013, a parent has the right to effective assistance of counsel. *See id.*; *see also In re P.M.*, 520 S.W.3d 24, 25 (Tex. 2016) (per curiam). Thus, whether

Ana had the right to effective assistance of counsel turns on whether section 107.013 required appointment of counsel. *See M.S.*, 115 S.W.3d at 544.[5]

To determine whether section 107.013 required appointment of counsel, and whether the alleged ineffectiveness occurred while Ana had the right to effective assistance of counsel, we must construe section 107.013. In construing a statutory provision, our primary goal is to ascertain the Legislature's intent based on the text's plain meaning. *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018). The text of section 107.013(a)(1) provides in relevant part:

> In a suit filed by a governmental entity under Subtitle E in which termination of the parent–child relationship or the appointment of a conservator for a child is requested, the court shall appoint an attorney ad litem to represent the interests of . . . an indigent parent of the child who responds in opposition to the termination or appointment.

TEX. FAM. CODE § 107.013(a)(1) (formatting omitted).

This suit was filed by the Department, and "[t]he Department . . . [i]s a governmental entity." *Tex. Dep't of Family & Protective Servs. v. Whitman*, 530 S.W.3d 703, 709 (Tex. App.—Eastland 2016, no pet.); *accord In re K.O.*, 488 S.W.3d 829, 834 (Tex. App.—Texarkana 2016, pet. denied) (holding 107.013(a)(1) applies to suits "brought by the Department"). In its original petition, the Department alleged suit was filed under section 262.001 of the Family Code, which is "under Subtitle E." *See* TEX. FAM. CODE § 262.001 (codified under Title 5, subtitle E, permitting a "governmental entity" to file a SAPCR). The Department requested termination of Ana's parental rights and requested the appointment of a permanent managing conservator for the children. Ana filed a statement of inability to afford payment of court costs, and the trial court found she was indigent and entitled to counsel.

---

[5] The trial court initially appointed Ana counsel, "find[ing] that the immediate appointment of an Attorney *Ad Litem* to represent the interests of Ana . . . is required under § 161.003 (b), Texas Family Code." However, the trial court's "order on ability to pay costs and appoint lawyer" determined Ana was entitled to counsel because she is indigent.

Ana's appointed trial counsel did not file an answer or any responsive pleading on Ana's behalf, but there are "no magic words that are required to be 'in opposition' to a request for termination." *In re J.M.*, 361 S.W.3d 734, 738 (Tex. App.—Amarillo 2012, no pet.). A response in opposition may occur through a court filing or statements made at trial. *See id.*; *In re C.D.S.*, 172 S.W.3d 179, 184 (Tex. App.—Fort Worth 2005, no pet.); *In re J.C.*, 108 S.W.3d 914, 916 (Tex. App.—Texarkana 2003, no pet.); *In re T.R.R.*, 986 S.W.2d 31, 37 (Tex. App.—Corpus Christi 1998, no pet.). Ana filed a waiver of service, stating she did not intend to waive any of her parental or conservatorship rights. Another court filing stated Ana reported "she wants her kids back." And, during her testimony, Ana requested that the court not terminate her parental rights; she opposed the Department's request that her rights be terminated; and by asking for more time, she opposed any final order being rendered on the Department's requests for termination and the appointment of a conservator. We hold Ana "responded in opposition to the termination or appointment of a conservator." *See* TEX. FAM. CODE § 107.013(a)(1).

The record establishes section 107.013(a)(1) required the appointment of counsel. For this mandatory appointment not to "seem a useless gesture," Ana had the right to effective assistance of counsel in the trial court proceedings. *See M.S.*, 115 S.W.3d at 544; *see also P.M.*, 520 S.W.3d at 25–26. Section 107.013(a)(1) afforded Ana this right to effective assistance of counsel until either the Department dismissed the suit, all appeals were "exhausted or waived," or counsel was substituted or permitted to withdraw. *See* TEX. FAM. CODE §§ 107.013(a)(1), .016(3); *accord P.M.*, 520 S.W.3d at 26. We hold Ana had the right to effective assistance of counsel under section 107.013(a)(1) during the proceedings in the trial court.

Although we conclude Ana had the right to effective assistance of counsel, we address a preliminary question raised by the dissent regarding prejudice. Having reviewed cases from our sister courts, we conclude the dissent's analysis raises not only a question of prejudice, but also a

question as to whether Ana retroactively lost her right to effective assistance when the trial court's final written order did not terminate her rights and resolved only issues of conservatorship. "Several of our sister courts have confronted a similar situation and have concluded that a claim of ineffective assistance cannot be raised when the parent's rights are not terminated and instead the case resolves only issues of conservatorship." *S.N. v. Tex. Dep't of Family & Protective Servs.*, No. 03-18-00539-CV, 2019 WL 471069, at *3 (Tex. App.—Austin Feb. 7, 2019, no pet. h.) (mem. op.) (citing authorities). This court has yet to decide this issue.

Because this issue implicates parents' substantive rights and their procedural right to counsel, we will critically examine our sister courts' cases for their persuasive value. The first case to address this issue appears to be *In re W.H.M.*, No. 01-00-01396-CV, 2003 WL 22254713 (Tex. App.—Houston [1st Dist.] Oct. 2, 2003, pet. denied) (mem. op.). The *W.H.M.* court's full discussion of this issue was:

> Although it initially sought to terminate [the father's] parental rights, the Department did not seek, and the jury did not find at trial, that [the father's] parental rights should be terminated. The case tried to the jury with regard to [the father] was one of conservatorship, not termination; thus, the right of effective assistance of counsel does not extend to [the father].

*Id.* at *12. Noting *M.S.* had been recently decided, the *W.H.M.* court relied on two pre-*M.S.* cases: *Stokes v. Puckett*, 972 S.W.2d 921 (Tex. App.—Beaumont 1998, pet. denied), and *Liva v. Liva*, No. 04-96-00143-CV, 1997 WL 602884 (Tex. App.—San Antonio Oct. 1, 1997, no pet.) (not designated for publication). *Stokes* involved tort claims arising out of an employment relationship. 972 S.W.2d at 927. *Liva* involved a child custody dispute in a divorce proceeding between two parents. 1997 WL 602884, at *1.

Before discussing other cases, we note we are not persuaded by *W.H.M.*'s reasoning for two reasons unique to that case. First, *Stokes* and *Liva* are distinguishable because neither involved a suit in which the appointment of counsel was statutorily required. The employment-related facts

and legal issues in *Stokes* bear little resemblance to a family law proceeding in which appointment of counsel is statutorily required under section 107.013(a)(1). *See* 972 S.W.2d at 927. *Liva* is likewise distinguishable because the case involved a divorce proceeding between private parties, not one filed by a governmental entity. 1997 WL 602884, at *1–2. Second, *Stokes* and *Liva* both rejected ineffective assistance of counsel claims because such a right existed only in criminal proceedings and did not apply in civil cases. *See* 972 S.W.2d at 927; 1997 WL 602884, at *1. But in *M.S.*, the supreme court held the right to effective assistance of counsel applies in civil cases relating to termination of parental rights.

The second case addressing this issue appears to be *In re G.J.P.*, 314 S.W.3d 217 (Tex. App.—Texarkana 2010, pet. denied). Unlike *W.H.M.* and the cases it cites, *G.J.P.* is much more similar to the facts of Ana's case. *See id.* at 221–24. As in Ana's case, the Department in *G.J.P.* abandoned its termination request at trial, and the "trial court denied [the father] conservatorship standing or visitation rights." *Id.* at 219, 222. The court rejected the father's ineffective assistance of counsel claim, holding the right to effective assistance of counsel applies only when the trial court permanently severs the parent–child relationship. *See id.* 221–24. As we read *G.J.P.*, the court made four points that are fairly summarized as follows:

> (1) anything less than permanently severing the parent–child relationship does not implicate a parent's fundamental constitutional right to have children sufficiently to give rise to a right to counsel;
>
> (2) "[i]neffective assistance of counsel is a constitutional claim only available in very limited situations," and the right to counsel provides a "constitutional right to set aside a decision of a court for ineffectiveness of counsel," *id.* at 223;
>
> (3) there are other methods to remedy counsel's errors, such as a disciplinary proceeding, and a subsequent suit to modify conservatorship; and
>
> (4) other statutes provide for the discretionary appointment of counsel without conferring the right to effective assistance.

In what we consider a fifth point, another court has suggested a parent can retroactively lose the right to counsel if the final order does not terminate the parent–child relationship. *S.N.*, 2019 WL 471069, at *3. And, in what we consider a sixth point, two of our sister courts have implicitly concluded *G.J.P.*'s reasoning remains valid after the 2013 amendments to section 107.013. *See id.* at *1, 3 (applying *G.J.P.* to suit filed in March 2017); *In re A.B.*, 548 S.W.3d 81, 84 (Tex. App.—Beaumont 2018, no pet.) (same to suit filed in March 2016). Having considered this issue, we respectfully disagree with our sister courts. We address these six points in turn.

> *1. A parent's fundamental rights to her children include more than the mere formality of a legally recognized parent–child relationship.*

Even if section 107.013 were intended only to protect parents' constitutional rights to have children,[6] the *G.J.P.* court's characterization of those rights appears too narrow. In *Troxel v. Granville*, the Supreme Court of the United States reviewed its "extensive precedent" in reaffirming the fundamental right of parents include the right to "make decisions concerning the care, custody, and control of their children." 530 U.S. 57, 66 (2000). As demonstrated by the authorities cited in *Troxel*, the right to make decisions regarding care, custody, and control extends well beyond the mere formality of a legally recognized parent–child relationship. *See id.* A possible implication of our sister courts' holdings is that, if the Department files suit seeking to deprive a parent of all rights to "make decisions concerning the care, custody, and control of [her] children," *id.*, but the trial court then leaves the formal parent–child relationship intact, then the parent's fundamental rights have not been sufficiently implicated. Considering *Troxel*, we disagree. *See id.*; *In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007, orig. proceeding) (per curiam)

---

[6] As discussed below, parental rights are both constitutional and statutory, as are parents' rights to counsel in certain cases.

(explaining the wrongful divestment of possession of a child, even if only temporary, can implicate a parent's fundamental rights under *Troxel*).

> *2. The Legislature has protected parental rights and the constitutional right to effective assistance of counsel by providing a broader statutory right to counsel.*

Although the *G.J.P.* court characterized the right to effective assistance of counsel under section 107.013 as "constitutional," section 107.013 provides a statutory right independent of the constitutional right. *See M.S.*, 115 S.W.3d at 544 (referring to "the statutory right to counsel"); *Bermea v. Tex. Dep't of Family & Protective Servs.*, 265 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("[T]his right [i]s not only statutory but constitutional").[7] Deciding whether a parent has a constitutional due process right to counsel in some government-initiated child protection proceedings requires balancing several factors, and the decision must be made on a case-by-case basis. *See Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 31–32 (1981). The Supreme Court stated it would be "neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to follow in determining when the providing of counsel is necessary to meet the applicable due process requirements." *Id.* at 32.

Affording more protections than the U.S. Constitution, the Texas Legislature provided a clear and mandatory requirement to appoint counsel for parents in certain child-protection proceedings. *See, e.g.*, TEX. FAM. CODE § 107.013. These provisions, including section 107.013, obviate the need for trial courts, in each case, to balance constitutional due process factors in determining whether counsel must be appointed, thereby avoiding possible errors that require retrials and delay permanency for children. *See In re R.R.*, No. 04-03-00096-CV, 2003 WL

---

[7] Other states are in accord with this view that a statutory right to counsel is in addition to, and may be broader than, the constitutional right of counsel. *See M.S.*, 115 S.W.3d at 544 n.30 (stating its holding aligned Texas with other states, such as Minnesota) (citing *In re Welfare of G.L.H.*, 614 N.W.2d 718, 720 (Minn. 2000) (noting the right to effective assistance of counsel is separate and in addition to the constitutional right)).

21157944, at \*3 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.) (stating statute obviates need for a constitutional analysis).

*3. Other remedies available to an indigent parent are inadequate.*

The *G.J.P.* court suggested an attorney is ethically required to provide competent representation, and the parent could file a future suit seeking to modify conservatorship. In *M.S.*, the supreme court implicitly determined that other remedies are insufficient to protect parents' rights. 115 S.W.3d at 544. The supreme court held that, without the right to effective assistance of counsel, requiring appointment of counsel would "seem a useless gesture," suggesting other remedies are inadequate. *Id.*

Furthermore, a disciplinary proceeding ending in the parent's favor would do little, if anything, to remedy the loss of the parent's rights to "make decisions concerning the care, custody, and control of their children." *See Troxel*, 530 U.S. at 66; *cf. Derzapf*, 219 S.W.3d at 335 (applying *Troxel* to hold depriving a parent of access to her child even temporarily presents extraordinary circumstances). Additionally, in a subsequent suit to modify conservatorship, indigent parents would not have the right to appointed counsel, as they would under section 107.013(a)(1) in a retrial on the Department's request for conservatorship. When it comes to the wrongful, even temporary, deprivation of access to one's child, the loss is sufficiently extraordinary to justify the "complete remedy" afforded by a right to effective assistance of counsel. *G.J.P.*, 314 S.W.3d at 223; *accord Derzapf*, 219 S.W.3d at 335 (holding a wrongful temporary "divestiture is irremediable").

*4. Statutes <u>mandating</u> the appointment of counsel confer the right to effective assistance of counsel, even if statutes <u>permitting</u> the discretionary appointment of counsel do not.*

The last point made by the *G.J.P.* court is that a party does not gain the right to effective assistance of counsel any time a trial court appoints counsel. 314 S.W.3d. at 223–24. In support of

this point, the *G.J.P.* court cited statutory provisions and a rule allowing for discretionary appointment of counsel. *See id.* at 224 n.4 (citing TEX. R. CIV. P. 308a, TEX. GOV'T CODE §§ 24.016, 26.049). We agree that statutory provisions providing for discretionary appointment of counsel generally do not embody the right to effective assistance of counsel. But that is because those provisions do not provide any "right" to counsel. *See In re E.R.W.*, 528 S.W.3d 251, 259 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (explaining a permissive appointment "is discretionary and does not create a general right to . . . counsel or assistance of counsel"). Conversely, statutory provisions providing for the mandatory appointment of counsel do embody the right to counsel. *See M.S.*, 115 S.W.3d at 544–45. This is true of Texas statutes requiring appointment of counsel in criminal cases and in civil commitment proceedings.[8] And, as the supreme court held in *M.S.*, this is also true of the proceedings to which section 107.013(a)(1) applies. *See* 115 S.W.3d at 544–45.

> *5. As with other Texas statutes, the statutory right to counsel under section 107.013 is determined by the type of proceeding, not the outcome.*

Section 107.013(a)(1) plainly provides a right to counsel based on the type of the proceeding, not the outcome. *See* TEX. FAM. CODE § 107.013(a)(1). Section 107.013(a)(1) requires appointment of counsel when a governmental entity seeks to appoint a conservator under Subtitle E. *Id.* In such a suit, depending on the pleadings and trial proceedings, the trial court may deprive parents of their rights by appointing the parent as possessory conservator or non-conservator without section 153.073 rights. TEX. FAM. CODE §§ 153.006, 153.191. Thus, when a governmental entity files suit requesting the appointment of a conservator, a parent's loss of her section 153.073

---

[8] *See* TEX. CODE CRIM. PROC. art. 1.051 (providing appointment of counsel in all criminal proceedings); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997) (holding "the right to effective assistance of counsel [is] guaranteed by [article 1.051]"); *see also* TEX. HEALTH & SAFETY CODE § 574.003 (mandating appointment of counsel in involuntary commitment proceedings); *Ex parte Ullmann*, 616 S.W.2d 278, 283 (Tex. Civ. App.—San Antonio 1981, writ dism'd) (holding right to effective assistance of counsel applies in such proceedings).

parental rights is a possible outcome the Legislature had contemplated when it provided for a statutory right to counsel in such proceedings.

*6. Our holding necessarily follows from M.S. and the Legislature's 2013 amendments to section 107.013, which our sister courts have not expressly addressed.*

In 2003, the supreme court in *M.S.* held section 107.013(a)(1) embodied the right to effective assistance of counsel. In 2013, the Legislature expanded section 107.013(a)(1)'s scope to include suits in which a governmental entity requests conservatorship of a child. We presume that when the Legislature amended section 107.013(a)(1), the Legislature was aware of *M.S.*'s holding. *See Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 748 (Tex. 2012) ("We presume the Legislature is aware of relevant caselaw when it . . . amends statutes."). The Legislature's expansion of the right of counsel in section 107.013(a)(1), which embodied the right to effective assistance of counsel, evinces the Legislature's intent to correspondingly expand the right to effective assistance of counsel.[9] Based on the plain meaning of the text of 107.013, as amended in 2013, we conclude Ana had the right to effective assistance of counsel throughout the trial court proceedings.

## B. Deficient Performance

To be deficient, counsel's performance must "fall below acceptable levels." *M.S.*, 115 S.W.3d at 545 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). We "must take into account

---

[9] Legislative history gives further context to our construction. *See Ft. Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 844 n.6 (Tex. 2018) (stating legislative history can provide context to courts' construction). The 2013 amendments to section 107.013 were codified through S.B. 1759, which had the goal of expanding and strengthening the right to counsel in suits filed by a governmental entity. *See* Senate Jurisprudence Comm., Bill Analysis, Tex. S.B. 1759, 83rd Leg. (2013), https://capitol.texas.gov/tlodocs/83R/analysis/html/SB01759I.htm. One analysis noted the bill's goals included "extend[ing] protection of parental rights by providing an attorney ad litem for indigent parents opposing the appointment of a conservator of a child." *Id.* Another analysis noted, "Under current law, a court is required to appoint an attorney ad litem for certain parents opposing termination of the parent-child relationship. Interested parties assert that revisions . . . are necessary to extend this protection of parental rights to indigent parents in other types of suits affecting the parent-child relationship." House Judiciary & Civil Jurisprudence Comm. Report, Tex. S.B. 1259, 83rd Leg. (2013), https://capitol.texas.gov/tlodocs/83R/analysis/ html/SB01759H.htm

all of the circumstances surrounding the case, and must primarily focus on whether counsel performed in a 'reasonably effective' manner." *Id.* We are greatly deferential to counsel and indulge "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, including the possibility that counsel's actions are strategic." *Id.* "It is only when the conduct was so outrageous that no competent attorney would have engaged in it that the challenged conduct will constitute ineffective assistance." *Id.* This "outrageous conduct" standard is not a subjective one, but simply one iteration of the ultimate test as to whether "counsel's performance fell below an objective standard of reasonableness." *Id.* at 549.

### 1. Participation at Trial by Phone

Ana argues her counsel performed deficiently by participating at trial by phone. Ana cites no authority, and we are aware of none, suggesting that appearing by phone constitutes deficient performance per se. Also, a party's participation at trial by phone can constitute meaningful participation. *See In re D.S.*, 333 S.W.3d 379, 386 (Tex. App.—Amarillo 2011, no pet.) (holding telephonic appearance in termination case by incarcerated father allowed him to meaningfully participate at trial). Here, the record does not affirmatively show, and Ana does not identify, any acts or omissions of trial counsel resulting from counsel's participation by phone. *See M.S.*, 115 S.W.3d at 546 (explaining we must consider the record as presented). We overrule Ana's issue to the extent she argues counsel performed deficiently by participating by phone.

### 2. Motion for New Trial Stage

Ana argues her counsel performed deficiently after trial. In ineffective assistance of counsel claims, proceedings after trial are generally referred to as "the motion for new trial stage"[10]—a critical stage during which a parent has the right to effective assistance of counsel. *See In re J.A.R.*,

---

[10] *See, e.g.*, *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007); TEX. JUR. 3D CRIMINAL LAW: RIGHTS OF THE ACCUSED § 113.

No. 04-18-00646-CV, 2019 WL 451731, at *2 (Tex. App.—San Antonio Feb. 6, 2019, no pet. h.) (mem. op.); *see also J.O.A.*, 283 S.W.3d at 343 (holding parent is "entitled to effective assistance through the deadline date for filing a statement of points" for appeal). The entirety of the "deficient performance" section of Ana's brief is as follows:

> At commencement of the trial [the court] noted that Respondent mother, [Ana], was present. [H]er trial attorney was not present in the courtroom, appeared by phone and said attorney confirmed his telephone appearance. Furthermore, he failed to read and/or correct any inaccuracies in the Final Order prior to entry of the order.

(citations omitted). In the "prejudice" section of her brief, Ana argues:

> Appellant's counsel did not sign the order and allowed it to become the final order. Taking into account all of the circumstances surrounding the case, Appellant's trial attorney not being in court, and more importantly, not reviewing the court's order to insure it complied with the court's ruling before entry, permitting it to perfect, falls below acceptable levels of performance.

(citation and formatting omitted). She also explains how the final written order differs from the trial court's oral rendition in open court. In the "Summary of the Argument" section, Ana argues trial counsel "fail[ed] to insure the final Order complied with the ruling of the court." Before we address Ana's argument, the dissent makes a point we believe raises a threshold issue.

### a. Construing Ana's Brief

The dissent notes Ana does not argue or mention in her brief counsel's failure to file a post-judgment motion as the basis for her ineffective assistance of counsel. This point raises the issue of whether Ana's issue "fairly includes" a complaint that her counsel should have filed a post-judgment motion. *See* TEX. R. APP. P. 38.1(f). "[D]isposing of appeals for harmless procedural defects is disfavored." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). This policy "is reflected in Texas Rule of Appellate Procedure 38.1(f) which provides that the statement of an issue will be treated as covering every subsidiary question that is fairly included." *Id.* We therefore construe briefs "reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Id.* "An

issue presented in an appellant's brief is sufficient, if it directs the reviewing court's attention to the error about which the complaint is made." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.— El Paso 2007, no pet.).

Although we do not apply a different standard for construing briefs in termination appeals, we should be even more loathe to read briefs in an "overly technical" manner when parental rights are at stake. *See In re L.M.I.*, 119 S.W.3d 707, 719 (Tex. 2003) (Owen, J., concurring and dissenting).[11] "Unlike ineffective-assistance claims in criminal cases, which have the writ of habeas corpus as a safety net to develop a record for such claims, parental-rights termination cases have no similar mechanism available." *In re K.K.*, 180 S.W.3d 681, 686 (Tex. App.—Waco 2005, no pet.) (footnote omitted). Even when appellate counsel could have made an argument more clearly, precisely, or persuasively, the "failure to use 'magic words' is not fatal." *L.M.I.*, 119 S.W.3d at 719. In short, we will "reach the merits of an appeal whenever reasonably possible." *See Perry*, 272 S.W.3d at 587.

Ana contends her counsel's omissions allowed the final written order to take effect and the final written order fails to appoint her as possessory conservator with no access. The point of Ana's complaint is not that she would have been satisfied had counsel simply reviewed the order; the point is that had counsel reviewed the order, counsel would have noticed the final written order did not conform to the trial proceedings and should have taken some action to "insure the final Order complied with the ruling of the court" and not "allow[] it to become the final order" and "permit[] it to perfect." And, Ana expressly argues, and our standard of review necessarily

---

[11] *See, e.g.*, *In re C.W.*, No. 04-18-00249-CV, 2018 WL 4470686, at *1 n.2 (Tex. App.—San Antonio Sept. 19, 2018, no pet.) (mem. op.) ("address[ing] the merits of this issue despite any possible waiver for inadequate briefing" in response to Department's position that issue was waived).

requires, that we "take into account ***all*** of the circumstances surrounding the case." *See M.S.*, 115 S.W.3d at 545 (emphasis added).

Certainly, Ana's appointed appellate counsel could have crafted Ana's argument more clearly. But when read as a whole, Ana's brief is reasonably understood as arguing she lost her section 153.073 rights unrelated to access because, in the motion for new trial stage, her counsel failed to take adequate action to complain she was not appointed possessory conservator without access to the children. Indeed, when a party complains about counsel's post-trial or post-judgment omissions regarding errors in a final order or judgment, filing a sufficient post-judgment motion is typically the only action counsel can take to properly present and preserve a complaint about the error. *See, e.g.*, *M.S.*, 115 S.W.3d at 546–50. We construe Ana's brief liberally, yet reasonably, as including a complaint about counsel's failure during the motion for new trial stage to file a post-judgment motion to present and preserve a complaint about the loss of her section 153.073 parental rights unrelated to access. *See Perry*, 272 S.W.3d at 587.

### b. Omissions Affirmatively Shown by the Record

Ana's brief suggests we should infer trial counsel never reviewed the final written order. We note the record affirmatively shows: (1) trial counsel was not physically present at trial; (2) trial counsel did not sign the final order to approve it as to form; (3) on the day notice of the judgment was sent to counsel, trial counsel filed a notice of appeal noting he was "trial counsel only," and a motion to withdraw and substitute counsel with the same notation; and (4) the final written order contains the following statement, which is inaccurate given the conflict with the trial court's oral pronouncement:

This Order/Decree was judicially pronounced and rendered in open Court on OCTOBER 10, 2018 further noted in the Court's docket sheet on the same date and ministerially signed on ___October 11, 2018___

OCT 1 1 2018

JUDGE PRESIDING

Even if the inference Ana draws from these facts is reasonable, the record does not affirmatively show Ana's counsel actually failed to review the final written order. And, the record before us does not affirmatively show Ana's counsel failed to inquire about the proposed order and learned the written order simply contained a clerical error the trial court was unwilling to correct.

The strong presumption in favor of counsel requires that we presume counsel performed competently unless the record affirmatively shows otherwise. *See M.S.*, 115 S.W.3d at 545. In the motion for new trial stage, this strong presumption gives rise to the rebuttable presumption that counsel considered filing a motion for new trial, rejected the consideration based on either strategy or a professional opinion there was no error about which to complain, and discussed the merits with the client. *See id.* at 545, 550; *J.A.R.*, 2019 WL 451731, at *2. That said, the record affirmatively shows that during the motion for new trial stage, counsel did not file a motion complaining about or objecting to the final written order not conforming to the trial proceedings.[12] We therefore consider whether counsel performed deficiently in failing to file such a post-judgment motion.

---

[12] The notice of appeal affirmatively demonstrates Ana's counsel was aware she desired to challenge the trial court's final written order. As indicated by her brief on appeal, Ana's desire to challenge the trial court's final written order included a desire to challenge, at the very least, the part of the final written order that deviates from the trial proceedings (i.e. whether she would be appointed possessory conservator with no access).

### c. Failure to File a Post-Judgment Motion

Ana argues the final written order does not conform to the trial proceedings, which resulted in the loss of her section 153.073 rights unrelated to access. In assessing counsel's performance, we must "take into account all of the circumstances surrounding the case." *See M.S.*, 115 S.W.3d at 545 (emphasis added). At trial, the Department, the children's ad litem attorney, Maria, and counsel for Jose all agreed to Ana being appointed possessory conservator with no access to the children. Ana requested more time to complete her services, but alternatively requested possessory conservatorship. The trial court made oral pronouncements in accordance with the request, or alternative request, of all parties. At trial, no party[13] requested or suggested that Ana be deprived of her section 153.073 parental rights unrelated to access. By decreeing Ana is not appointed possessory conservator in accordance with the trial proceedings, the final written order therefore granted unrequested relief.

"That a motion for new trial is required for appellate review" of a judgment granting unrequested relief "is something that competent trial counsel in Texas should know. And filing such a motion is not a difficult task." *See id.* at 549; *see also A.V.A. Servs., Inc. v. Parts Indus. Corp.*, 949 S.W.2d 852, 853 (Tex. App.—Beaumont 1997, no writ).[14] Presuming counsel read the final written order and decided not to file a post-judgment motion for strategic reasons or based on a professional opinion, we must determine whether counsel's decision was objectively unreasonable. *See M.S.*, 115 S.W.3d at 549. Whether counsel's decision was objectively unreasonable ultimately turns on whether a complaint about the final written order not conforming

---

[13] The Department's attorney, acting outside the scope of his representation, made a point to inform the trial court that he personally disagreed with the Department's position, stating "I have never been so opposed to my client's desires as I have in this case."

[14] *Accord Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *see Benham v. Southern*, 242 S.W.2d 682, 683 (Tex. Civ. App.—San Antonio 1951, no writ) (holding, in bench trial, lack of pleadings to support judgment cannot be raised for first time on appeal); *see, e.g.*, *In re J.M.*, 352 S.W.3d 824, 828 (Tex. App.—San Antonio 2011, no pet.) (reversing trial court's order granting relief on a request the Department had abandoned).

to the trial proceedings would have had merit. *In re B.G.*, 317 S.W.3d 250, 256 (Tex. 2010) (considering, when counsel failed after judgment to file a statement of points, whether omitted points would have had merit); *M.S.*, 115 S.W.3d at 549–50 (explaining we should address issue as though it were preserved).[15]

Here, we conclude a complaint about the final written order not conforming to the trial proceedings would have had merit. "[I]n civil cases, when a trial court's oral pronouncement conflicts with a written judgment, the written judgment prevails." *Tamuno Ifiesimama v. Haile*, 522 S.W.3d 675, 684 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). And, during the trial court's period of plenary power, the court always has the authority to change or modify the final order or judgment in the case. *State v. $50,600.00*, 800 S.W.2d 872, 876–77 (Tex. App.—San Antonio 1990, writ denied). But a trial court nevertheless errs by changing a final order to grant relief no party had requested or on pleadings that were abandoned. *See id.*; *J.M.*, 352 S.W.3d at 828. When a trial court so errs in changing a final order, a complaint may be raised in a timely filed post-judgment motion, the denial of which will be reversible error if an issue subsequently is presented on appeal. *See $50,600.00*, 800 S.W.2d at 876–77; *J.M.*, 352 S.W.3d at 828.

The Department initially requested termination of all of Ana's parental rights, including her section 153.073 parental rights, but expressly did not seek termination at trial. "Whether a party has abandoned a pleading is a question of law that we review de novo." *See J.M.*, 352 S.W.3d at 828. Pleadings may be abandoned by a stipulation, such as an agreement or concession "made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto."

---

[15] *See also J.C.-O. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00271-CV, 2016 WL 6068263, at *7 (Tex. App.—Austin Oct. 14, 2016, pet. denied) (mem. op.) (holding alleged deficient performance of failing to preserve sufficiency of evidence points in motion for new trial was not prejudicial because evidence was sufficient); *cf. Griffith v. State*, 507 S.W.3d 720, 721 (Tex. Crim. App. 2016) (Hervey, J., concurring in order refusing petition for discretionary review) (mem. op.) (stating that to prove prejudice, "the defendant must present at least one 'facially plausible' claim to the court of appeals that could have been argued in a motion for new trial but was not due to ineffective assistance of counsel").

*Id.* "Stipulations are generally favored by trial courts as a way of expediting litigation and will normally be upheld unless good cause is shown for rejecting them." *Laredo Med. Grp. v. Jaimes*, 227 S.W.3d 170, 174 (Tex. App.—San Antonio 2007, pet. denied). "In any case, the issues to be tried may be limited or excluded by stipulation." *Id.*

However, we note that under *Leithold v. Plass*, "[t]echnical rules of practice and pleadings are of little importance in determining issues concerning" custody, control, and access to children. 413 S.W.2d 698, 701 (Tex. 1967). In *J.M.*, this court did not apply *Leithold* and instead relied on the rule generally applicable in other civil cases that a trial court may not grant unrequested relief. *See* 352 S.W.3d at 828. In *J.M.*, the trial court went further than denying the parent all custody, control, and access to a child, and deprived the parent of all other parental rights. *See id.* Here, as in *J.M.*, the trial court went beyond denying Ana all custody, control, and access to the children; the trial court deprived Ana of her section 153.073 parental rights unrelated to access. Because Ana's section 153.073 parental rights unrelated to access did not raise an issue concerning custody, control, and access under *Leithold*, we conclude *Leithold* is not controlling. Following *J.M.*, we apply the general rule that a trial court may not grant unrequested relief. *See id.*

Based on the trial proceedings described above, we hold the Department abandoned its request to terminate Ana's parental rights and sought only to have Ana appointed as possessory conservator with no access to the children. *See In re Shaw*, 966 S.W.2d 174, 176 (Tex. App.—El Paso 1998, no pet.) (holding Department abandoned termination request by statements made that Department was not seeking termination).[16] The Department and the children's attorney ad litem

---

[16] *See also Rasul v. Rasul*, No. 05-17-00612-CV, 2018 WL 6599018, at *3 (Tex. App.—Dallas Dec. 17, 2018, pet. filed) (mem. op.) (holding assertion of a party's position in trial proceeding was a concession constituting a stipulation). We note the Department's caseworker initially testified the Department was seeking termination, but the subsequent proceedings clarified the Department's unambiguous position. *See Arriaga v. Arriaga*, No. 13-16-00610-CV, 2018 WL 6259254, at *5 (Tex. App.—Corpus Christi Nov. 30, 2018, no pet.) (mem. op.) (requiring that we view statements constituting abandonment "in context with the remainder of the proceedings").

affirmatively stated it was in the children's best interest to appoint Ana possessory conservator with no access to the children. Maria and Jose agreed. Ana requested more time and, alternatively, possessory conservatorship. At trial, no party was requesting that Ana be appointed a non-conservator or that she be deprived of her section 153.073 rights unrelated to access. *See J.M.*, 352 S.W.3d at 828; *Laredo Med. Grp.*, 227 S.W.3d at 174.

When the trial court rendered its order in open court in accordance with the Department's request at trial, Ana's counsel had no basis to object to the order not conforming to the trial proceedings. But when the trial court signed the final written order, it granted relief no party requested, and the order therefore did not conform to the trial proceedings. Under the circumstances presented in this case, a post-judgment motion raising this complaint would have preserved a meritorious issue for this appeal. Thus, counsel's decision not to raise the issue properly in a timely post-judgment motion was objectively unreasonable. *See M.S.*, 115 S.W.3d at 549. Consequently, we hold Ana's counsel performed deficiently during the motion for new trial stage. *See id.* at 545.

## C. Prejudice

We next address whether Ana was prejudiced by her counsel's failure to timely file a post-judgment motion complaining about the final written order. *See id.* at 549. Ana was prejudiced if "there is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different." *Id.* at 550 (internal quotation marks omitted). In considering prejudice in the motion for new trial phrase, we conduct our review to determine harm as if the issue "had been preserved." *See id.* If we conclude the complaint would have had merit, we "must hold counsel's failure to preserve . . . the complaint by a motion for new trial constituted ineffective assistance of counsel." *Id.*

As explained above, there was a meritorious issue regarding the final written order granting relief contrary to the order the trial court rendered in open court. Had Ana's counsel preserved the complaint, the meritorious issue would have been available to raise in this appeal. Counsel's deficient performance caused Ana to lose her section 153.073 parental rights unrelated to access. Specifically, those rights include the rights:

> (1) to receive information from any other conservator of the child concerning the health, education, and welfare of the child;
>
> (2) to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;
>
>  . . . .
>
> (4) to consult with a physician, dentist, or psychologist of the child;
>
> (5) to consult with school officials concerning the child's welfare and educational status, including school activities;
>
> . . . .
>
> (7) to be designated on the child's records as a person to be notified in case of an emergency;
>
> (8) to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and
>
> (9) to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

TEX. FAM. CODE. § 153.073(a). When the trial court rendered its order in open court appointing Ana possessory conservator with no access, Ana had secured these rights. When the trial court signed the final written order, Ana lost these rights. Thus, there "is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different." *See M.S.*, 115 S.W.3d at 550. Regardless of whether section 153.073 parental rights unrelated to access are also protected by the U.S. Constitution, the Legislature has determined these parental

rights are significant enough to codify. Accordingly, we hold a loss of these parental rights is significant enough to constitute prejudice.

The Department argues Ana was not prejudiced because "the final [written] order can be modified in the future." In other words, Ana retains standing as a parent to file a suit to modify conservatorship upon showing the circumstances have materially and substantially changed. *See* TEX. FAM. CODE § 156.002(a). However, a defendant's ability to initiate a subsequent proceeding to regain rights lost due to counsel's deficient performance is immaterial to prejudice. *Cf. Murray v. State*, 857 S.W.2d 806, 812 (Tex. App.—Fort Worth 1993, pet. ref'd) (holding appellant was prejudiced by counsel's deficient performance, despite appellant's ability to file subsequent habeas proceeding).

Furthermore, in any future suit to modify conservatorship, Ana, who is indigent, might not have the assistance of counsel. And, in such a suit, Ana would have to prove a modification of conservatorship is in the children's best interest. *Id.* § 156.101(a). Without Ana's section 153.073 rights unrelated to access—such as the rights to receive information and confer with Jose and Maria about the children's health, education, and welfare—it would be even more difficult for Ana, possibly acting without counsel, to determine what is in the children's best interest at some point in the future.

## CONCLUSION

Having concluded Ana received ineffective assistance of counsel during the motion for new trial stage, we must dispose of the appeal as though the unraised issue had been preserved. *See M.S.*, 115 S.W.3d at 550 (requiring that we address the issue as though it had been preserved). The unraised issue relates to the final written order not conforming to the trial proceedings regarding Ana's possessory conservatorship without access to the children. Accordingly, we reverse the portion of the trial court's order decreeing that Ana is not appointed possessory

conservator and remand this case for the entry of a new final order consistent with the trial court's oral pronouncement during the trial proceedings. *See J.M.*, 352 S.W.3d at 828 (reversing and remanding when final order was contrary to trial proceedings).

Luz Elena D. Chapa, Justice